UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

ABIR MULLICK,

    Plaintiff,
v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant(s).
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff, ABIR MULLICK, by and through undersigned counsel, hereby sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL") and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, ABIR MULLICK, is sui juris and is a citizen and resident of Georgia.

2. Defendant, CARNIVAL, is a citizen of the foreign nation of Panama, but does business in the State of Florida and has its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs seventy-five thousand dollars ($75,000.00).

4. This matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum-selection clause contained within the Passenger Ticket Contract issued by the Defendant, as this action arises under the admiralty or maritime jurisdiction pursuant to 28. U.S.C. § 1333. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

1

5. The Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state, and/or;

   f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Victory*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTS COMMON TO ALL COUNTS

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Victory*.

10. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Carnival Victory*.

11. On or about September 29, 2019, Plaintiff was a paying passenger aboard the *Carnival Victory*, which was in navigable waters during its September 27, 2019 through September 30, 2019 voyage.

12. On or about September 29, 2019, Plaintiff, while aboard the *Victory*, Plaintiff, **ABIR MULLICK,** was severely injured when he slipped and fell on a banana peel on Deck 9 of the aforementioned vessel.

13. Defendant's negligence caused Plaintiff to unexpectedly slip and fall on the banana peel on the Deck 9 and suffer serious injuries as a result thereof.

## COUNT I - NEGLIGENCE

14. Plaintiff, **ABIR MULLICK**, adopts and re-alleges paragraphs 1-13, as if they were reproduced herein, and further alleges:

15. Defendant owed a duty to its passengers, including Plaintiff **ABIR MULLICK**, to use reasonable care under the circumstances.

16. On or about September 29, 2019, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

17. Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, joint ventures, and/or employees as follows:

   a. failure to provide passengers, including Plaintiff, with a walking area free of slipping hazards, and/or

   b. failure to inspect, clean, keep and maintain its floors and walkways in a reasonably safe condition;

   c. failure to maintain a reasonably safe walking path in the area of Plaintiff's injury;

   d. failure to install proper and reasonable safeguards to prevent passengers from being injured when walking in the subject area;

e. failure to take proper precautions for the safety of passengers using its floor and walkways;

f. failure to warn Plaintiff of the risks or and/or hazards posed to passengers due to the lack of adequate maintenance and/or inspection of the area where Plaintiff suffered his accident;

g. failure to maintain the area where Plaintiff suffered his incident in a reasonably safe condition;

h. failure to correct the hazard which caused Plaintiff to suffer his accident;

i. failure to eliminate and/or modify the hazard which caused Plaintiff to suffer his incident;

j. failure to ascertain the cause of prior similar incidents occurring on any of the Defendant's vessels so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident;

k. failure to promulgate and/or enforce policies and procedures aimed at ensuring that the dangerous and/or hazardous condition which caused Plaintiff's incident would be discovered and corrected;

l. failure to use a proper anti-slip surface on its floors so as to prevent passengers from slipping;

m. failing to adequately train its crew to keep the floors and walkways clean and free from hazards;

n. failure to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the dangerous and/or hazardous condition that caused Plaintiff's injury;

    o.  failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining Defendant's vessel in a reasonably safe condition for its passengers.

All or some of which caused and/or contributed to Plaintiff slipping and falling and suffering his serious personal injuries while on Deck 9 of the *Carnival Victory*.

18. Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

19. Defendant had constructive knowledge of the dangerous condition by, *inter alia*, (a) the length of time the dangerous condition existed; (B) the nature of the dangerous condition, including that the condition existed in and around deck 9 and was observed by Defendant's crewmembers; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with sine regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care Defendant should have known it.

20. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and the loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered the losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff, **ABIR MULLICK**, demands judgment for all damages recoverable under general maritime law and state law including but not limited to economic damages in the past and future, non-economic damages in the past and future; all court costs, all interest due under applicable law including interest from the date of the subject incident under General Maritime Law, and any other damages which the Court deems just and proper.

Dated: **July 31, 2020**

        Respectfully submitted,

        **FENSTERSHEIB LAW GROUP, P.A.**
        520 West Hallandale Beach Boulevard
        Hallandale Beach, Florida 33009
        Telephone:  (954) 456-2488
        Facsimile:  (954) 252-2139

By:   */s/ Jason R. Manocchio*
        Jason R. Manocchio, Esq.
        Florida Bar No. 92477
        E-mail:  jason@fenstersheib.com
                jm-pleadings@fenstersheib.com